Sterndale v. Iversen                    CV-96-036-M    11/14/96
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Kimberly Sterndale,
      Plaintiff

      v.                                    Civil Action No. 96-36-M

Iversen Ford Sales, Inc. and
Lincoln MacDonald,
      Defendants.


                              O R D E R


      Kimberly Sterndale brings this action against Iversen Ford

Sales, Inc. ("Iversen") and its former employee, Lincoln

MacDonald, to recover damages for injuries she sustained in a

motor vehicle accident.  In Count 1 of her complaint, Sterndale

alleges that on March 27, 1994, she was driving on Amherst Street

in Nashua, New Hampshire, when Lincoln MacDonald negligently

crashed his car into hers.  She also claims that at the time of

the accident, MacDonald was an employee of Iversen, driving a car

owned by Iversen, and that his Massachusetts driver's license was

under suspension.


      In Count 2 of her complaint, Sterndale alleges that Iversen

knew or should have known that MacDonald's driver's license had

been suspended and that he was unfit to operate a motor vehicle.

Accordingly, she claims that Iversen negligently entrusted its automobile to MacDonald and, therefore, is liable for the injuries she sustained.

By order dated October 8, 1996, the court denied Iversen's motion for summary judgment, holding that in light of the sparse record before it and the dearth of case law cited by Iversen, it failed to carry its burden of demonstrating entitlement to judgment as a matter of law:

> Neither party has addressed the scope of inquiry legally required of a person or business before entrusting a motor vehicle to another, nor whether, had the requisite degree of inquiry been met, the facts likely to have been discovered would have affected Iversen's decision to entrust plaintiff with the vehicle, nor whether the plaintiff's injuries are attributable to the failures complained of.
>
> Stated somewhat differently, in the absence of a more thorough and reliable briefing of the issues by Iversen, the court is unwilling to rule that Iversen's limited inquiry into MacDonald's fitness to operate a motor vehicle was reasonable as a matter of law and thus precludes liability on a negligent entrustment claim.

Sterndale v. Iversen Ford Sales, Inc., slip op. at 5-6 (D.N.H. October 8, 1996) (the "Order").

Iversen now moves the court to "reconsider" that Order. Its motion for reconsideration is, however, flawed in at least two fundamental ways. First, unlike the usual motion for reconsideration, Iversen's motion does not focus on any alleged legal or factual misapprehension underlying the Order. Instead, it advances new legal arguments, supported by new factual allegations, not previously addressed to the court.

Additionally, Iversen appears to have submitted its motion for reconsideration on the mistaken belief that "the Court[] need[s] further information," see Motion for Reconsideration at para. 2, before it may grant Iversen's motion for summary judgment, thereby misperceiving the respective roles of court and litigant. As the party moving for summary judgment, it is Iversen that bears the burden of demonstrating that: (1) there are no genuine issues of material fact; and (2) it is entitled to judgment as a matter of law (pursuant to New Hampshire or Massachusetts law, whichever might be applicable).

To the extent that Iversen believes that legal and/or factual arguments exist that might persuade the court that it is entitled to summary judgment, it may file a properly supported

3

motion for summary judgment.  Should it elect to do so, however,

Iversen should, at a minimum, address the following issues:

1.    Whether New Hampshire or Massachusetts tort law (i.e.,
      the law of negligent entrustment) applies in this case
      (plaintiff seems to argue that Massachusetts law
      applies but then relies on New Hampshire law);

2.    The nature and scope of the legal duty under applicable
      state law on a <u>commercial</u> entity to ensure that those
      employees to whom it entrusts motor vehicles are
      competent to operate those vehicles;[1] and

3.    Whether, based upon the undisputed facts of record, the
      court may rule that Iversen's inquiry into MacDonald's
      ability to safely operate a motor vehicle was
      sufficient <u>as</u> <u>a</u> <u>matter</u> <u>of</u> <u>law</u> to insulate it from tort
      liability, or whether that is a factual question to be
      resolved by the jury.

If Iversen's duty required that it take "reasonable" steps

to ensure that MacDonald was fit to operate a motor vehicle,

whether Iversen met or breached that duty of reasonable care

---

[1]   In the non-commercial context, it may be legally
sufficient for the owner of a vehicle to simply verify that an
individual has a valid driver's license before entrusting a motor
vehicle to him or her (provided, of course that the owner has no
actual knowledge of, and no reason to know of, that person's bad
habits, propensity for carelessness, etc.).  In the commercial
context, however, the standard of care relative to reasonable
inquiry may very well require something more.  For example, the
owner of a school bus company may be expected to do more than
simply ask an individual whether he or she has a valid driver's
license before permitting that individual to drive a school bus.
The parties do not provide any authority suggestive of where in
the spectrum Iverson might fall.

4

could well be a factual question under New Hampshire or Massachusetts law.

## Conclusion

Iversen's Motion for Reconsideration (document no. 15) is granted. Having carefully reconsidered the order dated October 8, 1996, the court finds that it contains neither incorrect legal rulings nor erroneous factual findings. Accordingly, that order is hereby reaffirmed.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 14, 1996

cc:  William E. Aivalikles, Esq.
     Timothy Smith Reiniger, Esq.

5